■■■■ LISA WAGNER et al., Appellants, v THERESA LIBEN DE-SALVIO et al., Respondents. [860 NYS2d 146]—

In an action, inter alia, for a judgment declaring the rights and obligations of the parties under a trust, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leviss, J.H.O.), entered April 4, 2007, which, after a nonjury trial, is in favor of the defendants and against them.

Ordered that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the appellants were not beneficiaries and have no interests in a trust created on November 2, 1999 by the decedent Angela Savino and that the appellants are not entitled to any part of the distribution or disposition of the trust.

On November 2, 1999 Angela Savino (hereinafter the creator) executed a trust naming herself as the primary beneficiary. The trust provided, inter alia, that upon the creator's death, the "remainder and residue of the corpus of the trust shall go in equal shares to THERESA LIBEN, DOROTHEA VACHIO, and THOMAS SAVINO [her three children] as contingent beneficiaries." The trust contained no provision directing how the remainder and residue of the trust should be distributed should one of the creator's children predecease her.

On June 13, 2001 Thomas Savino died, predeceasing the creator who died on May 3, 2003. Thereafter, the plaintiffs, Thomas Savino's children, sought to have their deceased father's purported interest in the trust transferred to them. When the defendants, the surviving designated beneficiaries, refused, the plaintiffs commenced this action, inter alia, for a judgment declaring the rights and obligations of the parties under the trust. After a nonjury trial, the Supreme Court found in favor of the defendants.

Where, as here, one of the intended beneficiaries predeceases the creator, that beneficiary's remainder interest becomes inef-

fective. "Whenever the remainder of a lifetime or testamentary trust passes, whether outright or in further trust, to two or more designated beneficiaries, and such remainder is ineffective in part and no effective alternative disposition has been made in the governing instrument, such ineffective part shall pass to the other designated beneficiary or, if there are two or more other designated beneficiaries, to such beneficiaries in the proportions that their respective interests in such principal bear to the aggregate of the interests of such designated beneficiaries in such principal" (EPTL 2-1.14; *cf.* EPTL 3-3.4). Therefore, upon the creator's death, since the creator made no effective alternative disposition, the remainder and residue of the trust passed to the defendants, the other designated beneficiaries.

The plaintiffs' remaining contentions either are without merit or have been rendered academic in light of the foregoing.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for entry of an appropriate judgment (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Ritter, Florio and Dickerson, JJ., concur.